**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 21, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *New York Times Co. v. DHS*, No. 25 Civ. 06317 (AS)

Dear Judge Subramanian:

This Office represents the U.S. Department of Homeland Security in the above-referenced Freedom of Information Act ("FOIA") matter. We write respectfully in response to the Court's order dated October 21, 2025, directing the parties to submit a letter updating the Court on the status of this case. Dkt. No. 12.[1] Because this case is subject to Amended Standing Order M10-468, No. 25 Misc. 00433 (LTS) (the "Stay Order"), that stayed most categories of civil cases in which this Office has appeared as counsel, the Government's work on this matter has been paused.

By letter dated October 1, 2025, Jeffrey S. Oestericher, Chief of the Office's Civil Division, asked Chief Judge Swain to enter a stay order after congressional funding for the Department of Justice had lapsed. The U.S. Department of Justice FY 2026 Contingency Plan[2] directs that during a government shutdown, "[c]ivil litigation will be curtailed or postponed to the extent that this can be done without compromising to a significant degree the safety of human life or the protection of property," and instructs Department attorneys to "approach the courts and request that active cases, except for those in which a delay would compromise to a significant degree the safety of human life or the protection of property, be postponed until funding is available." The Contingency Plan further prescribes that "[t]he Department will limit its civil litigation staffing to the minimum level needed to comply with the court's order and to protect life and property." In accordance with the Contingency Plan, all of the Assistant United States Attorneys and support staff in this Office's Civil Division whose salaries are paid by the affected appropriations (the great majority of our employees) have been furloughed and are prohibited by the Anti-Deficiency Act from working on matters that are not excepted. *See* 31 U.S.C. § 1342.

While the Contingency Plan provides that the Department will comply with court orders to continue litigating particular cases, this is difficult in practice for FOIA and other matters that do not compromise the safety of human life or the protection of property and that require the

---

[1] The Government is writing separately because of the unique issues it wishes to raise regarding its operations during the government shutdown.

[2] https://www.justice.gov/jmd/media/1377216/dl

assistance of other federal agencies. That is because, even if the case were excepted from the stay, the agency personnel who maintain and process the records in FOIA cases generally are furloughed during a government shutdown and prohibited from working on these matters. Indeed, we have confirmed that the U.S. Immigration and Customs Enforcement FOIA office, which has been working with our Office on this matter, has been furloughed

       Based on the foregoing, we respectfully submit that this case should remain subject to the Stay Order and that the initial conference (and all other deadlines in this case) should continue to be adjourned until funding for the Department of Justice is restored. Plaintiff New York Times Company does not object to the Government's request for a stay.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/Jean-David Barnea
JEFFREY S. OESTERICHER
Chief, Civil Division
JEAN DAVID BARNEA
Assistant United States Attorney
(212) 637-2695/2679

---

Defendant's unopposed motion is GRANTED.

The initial conference and all other deadlines in this case will continue to be adjourned until funding for the Department of Justice is restored.

Within two weeks of the date that funding is restored, the parties shall file a joint letter updating the Court on the status of this case, and whether further proceedings are necessary.

SO ORDERED.

*[signature]*

Arun Subramanian, U.S.D.J.
Date: October 23, 2025